O’Neall, J.
delivered the opinion of the Court.
I understand, from the Recorder’s report, that the assignment covered and conveyed to the plaintiff the note in dispute. There is no doubt, if the assignment were under a Commission of Bankruptcy, or under our Insolvent Debtors or Prison Bounds Acts, that the assignee could maintain the action. Why? Because, by law, the whole interest is in him. A voluntary assignment passes all the interest of the assignor; and since the Act regulating assignments of Debtors, (6 Stat. 365,) I think the assignee ought to be regarded as clothed with all the powers of an assignee under the Insolvent Debtors or Prison Bounds Act.
For such assignee, named and appointed by the debtor, and accepted by the creditors, is, to all intents and purposes, the same as an assignee by operation of law. Taking this view, the law of indorsement, on which the Recorder has based his judgment, has nothing to do with the case.
I think, too, that inasmuch as the assignment here conveys the chose which is assignable by one species of assignment, indorsement, so as to enable the indorsee by the Statute of Anne to sue on it in his own name, that it may be very well held, under our Act of ’98, (5 Stat. 350,) that the assignee so styling himself may sue in his own name. It is true that Act embraces only bonds, notes or bills not payable to order, or bearer, or not negotiable. The note here, on the death of one of the partners, could not be indorsed by the surviving partner, in the name of the firm, the payees. The note might therefore be regarded by the death of a partner as deprived of its general mercantile negotiability, although there is no doubt the surviving partner might sue on it and collect it, and might assign it. In this point of view, for the purposes of this case, it may be regarded as not negotiable, and falling therefore under the Act of ’98. I however do not mean to say that the survivor might not endorse the note, and thus charge himself as indorser. That I think is the law, and so far the note may pass by his writing of indorsement, as well as any other mode of assignment.
But the ground on which I mainly rest my judgment, is, that the legal right is in the plaintiff, and as such, if there be nothing in the law which prohibits him from suing in his own name, that he ought to be allowed to do so. There is nothing, unquestionably, in any case or principle, which prevents the assignee of a note, negotiable, from suing on it in his own name.
Untrammeled by precedent, and acting upon a cardinal principle of justice, that technical forms are not to be ex *296 tended beyond settled rules, to the prejudice of right, I am prepared to say, that the assignee of a note, claiming the same under a deed of assignment, (good under our Act regulating assignments of debtors,) may sue on it in his own name, styling himself assignee.
The motion to set aside the non-suit is granted.
Richardson, J. Evans, J. Wardlaw, J. and Frost, J. concurred.
Withers, J. absent, from sickness.

Motion granted.